**Gary S. Casselman, Esq. (SBN 81658)**
CASSELMAN LAW OFFICES
P.O. Box 539
Venice, CA 90294
310/ 314-4444 Fax 310/ 314-4447

Email: garyscasselman@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MOHEB BOTTROS,                                    )   No.
                                                  )
              Plaintiffs,                          )   **COMPLAINT FOR DAMAGES**
                                                  )
       vs.                                         )   1.  Violation of Civil Rights
                                                  )        (42 U.S.C.  §1983)
COUNTY OF LOS ANGELES,                             )   2.  *Monell* Claim
DEPUTY McGEE #617648, individually                 )        (42 U.S.C. §1983)
and as a peace officer, CAPTAIN DAVID              )   3.  Failure to Supervise
J. SPRENGER, #unknown, individually               )        (42 U.S.C. § 1983)
and as a peace officer, Lt. CAMACHO                )   4.  Assault and Battery
#unknown, individually and as a peace             )   5.  False Arrest
officer,  DOES 1-10,                               )   6.  Torts in Essence
                                                  )   7.  Intentional Infliction of
              Defendants.                          )        Emotional Distress
_____                    )   8.  Banes Civil Rights Claim
                                                      9.  Negligence

                                                      **DEMAND FOR JURY TRIAL**

## JURISDICTION

       1.      Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2),

(3) and (4).  This action at law for money damages arises under Title 42 U.S.C.

Section 1983 and the United States Constitution, the laws of the State of California

and common law principles to redress a deprivation under color of state law of rights,

privileges and immunities secured to Plaintiff by said statutes, and by the First,

Fourth, and Fourteenth Amendments of the United States Constitution.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2.     At all times herein mentioned, Plaintiff MOHEB BOTTROS, age 53, was a  resident of the County of Los Angeles,  City of Paramount,

3.     At all times herein mentioned, Defendants DEPUTY McGEE #617648, individually and as a peace officer, CAPTAIN DAVID J. SPRENGER, LT. CAMACHO,  individually and as a peace officer, DOES 1-10, inclusive and each of them, were employees of the County of Los Angeles and the Los Angeles County Sheriffs Department assigned to Lakewood Station Patrol.  Captain SPRENGER was the Unit Commander of said station. Lt. CAMACHO was a Watch Commander at Lakewood Station.

4.     Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Los Angeles County Sheriffs Department, (LASD) and particularly said Department's Field Services, Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

5.     Plaintiff is are informed and believe and thereon allege that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately

caused injuries and damages as herein alleged.  The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484 and Federal Rule of Civil Procedure 15.

6.     Defendants, and each of them, did the acts and omissions hereinafter alleged, intentionally, in bad faith and with knowledge that their conduct violated well established and settled law.

7.     The incidents complained of began the evening of September 21, 2020. Moheb Bottros is the property owner of and resident at 15714 Passage Ave, City of Paramount, County of Los Angeles. BOTTROS called for LASD assistance relating to threats of violence against himself by an unknown male who had unlawfully parked in Mr. Bottros' tenant's space. Moments earlier, Bottros' daughter reported the trespasser's vehicle to her father. BOTTROS began to investigate and went to where the vehicle was illegally parked in the alley behind his home. Unable to locate the owner or driver, BOTTROS summoned a tow company to remove the vehicle. As they waited for the tow truck to arrive, the trespassing vehicle owner showed up and was asked to move it or suffer it being towed. The subject became verbally abusive and threatening towards BOTTROS prompting the call to LASD. Lakewood patrol units arrived, including Deputy MCGEE #617648, an African American, along with deputies DOE 1 and DOE 2, both Caucasian.  The trespassing suspect fled, leaving his car behind. The deputies began an investigation interviewing Bottros, his daughter and others, including a unidentified female African American neighbor whose apartment was directly behind 15714 Passage, separated by an alleyway. Defendant MCGEE, approached this alleged witness, spoke briefly and cross the alley to where DOES 1 and 2, Plaintiff, Plaintiff's daughter and other civilians were

being interviewed. For reasons, unknown to plaintiff, Deputy McGee exhibited a hostile, angry and aggressive demeanor as he directed himself to the plaintiff. Plaintiff is informed and believes the female McGee had contacted may have disparaged Plaintiff to McGEE based on recent past interactions with this neighbor who erroneously believed Plaintiff is Armenian and the neighbor has behaved and spoken in a manner that indicates she is prejudiced against foreigners. When MCGEE returned, he instructed Plaintiff to move his daughters car, which was then behind the trespasser's vehicle. BOTTROS began to comply, searching for the proper key fobs he he held. Plaintiff was startled by the deputy's angry tone and offensive, uncivil and unprofessional behavior. When Plaintiff did not comply with alacrity to MCGEE's demand, MCGEE resorted to profanity, swearing at BOTTROS. BOTTROS and his daughter took offense and told MCGEE they objected to his use of profanity. LASD rules and regulations have long prohibited the use of profanity by its employees during interactions with the public. Rather than politely apologize, MCGEE suddenly and angrily lashed out, assaulting BOTTROS by knocking him against his daughter's car and threw BOTTROS to the pavement, causing injuries to BOTTROS. At no time was BOTTROS a threat to MCGEE or anyone else. Nor had BOTTROS behaved in any manner a reasonable peace officer would believe any use of force against BOTTROS would be authorized. Without pausing to determine why MCGEE had physically assaulted BOTTROS, DOES 1 and 2, promptly joined MCGEE restrain and handcuff BOTTROS on the ground as BOTTROS' daughter, wife and tenants looked on in fear, demanding to know why MCGEE had behaved as he did. As BOTTROS was raised from the ground, BOTTROS' daughter demanded to know why he was being treated as he was. MCGEE did not respond. Neither did DOES 1 and 2. BOTTROS was taken to through his yard to a patrol vehicle on Passage Ave and seated inside as a prisoner. BOTTROS complained of pain and injuries caused by the deputies and requested medical attention. He was initially denied that request while MCGEE, DOE 1 and DOE 2 commiserated

together, out of Bottros' and the witnesses hearing, repeatedly refusing to explain why MCGEE had attacked plaintiff and why Plaintiff had been seized and apparently arrested. Plaintiff continued to demand medical attention and that a supervisor be summoned to the scene. Bottros' daughter also joined in questioning the cause for her father's arrest and was ignored. No deputy or supervisor had an answer for why McGee assaulted Bottros nor explained why Bottros was in custody. Eventually paramedics arrived on scene to evaluate Plaintiffs injuries and directed he be taken to Lakewood Reginal Medical Center by ambulance for further evaluation and treatment of the injuries MCGEE inflicted. While together at the scene on Passage Avenue, DOES 1, 2 and MCGEE engaged in substantial amount of commiseration, attempting to cook up a justification for MCGEE's unlawful use of force and Plaintiff's unlawful seizure. In this manner, MCGEE, DOES 1 and 2 engaged in a custom and practice of LASD employees to intentionally manufacture probable cause and use of force justifications known to be unlawful and unconstitutional.

An ambulance transported Plaintiff to Lakewood Regional Medical Center for treatment of his injuries at which time a deputy was heard to explain to medical personnel in the emergency room that BOTTROS had allegedly attacked a deputy. Hearing that false accusation, BOTTROS' fears became heightened, understanding he was being falsely accused of a crime against a law enforcement officer. While at the emergency department, Plaintiff's relatives were barred from contacting BOTTROS and directed to leave.

8.      BOTTROS was taken to Lakewood Station for booking which included the first time in his life being jailed, photographed and given a criminal arrest record. While in custody, plaintiff was approached by defendant Lt. CAMACHO, ostensibly to conduct a mandatory Use of Force inquiry, recording plaintiffs statement and taking additional photographs.  Plaintiff communicated what had happened to him by Deputy MCGEE, registering a complaint of misconduct.  Rather than accept

Plaintiff's complaint as required by California Penal Code §832.5 and LASD regulations (3-04/010.25 PERSONNEL COMPLAINTS), Defendant CAMACHO refused to initiate a Watch Commander's Service Comment Report (WCSCR), again consistent with LASD custom, policy and practice to join into the collective effort to suppress the known misconduct of its deputies. Plaintiff is informed and believes and thereon alleges that CAMACHO ruled that the use of force and Plaintiff's arrest were within LASD policy, attempting to put a lid on MCGEE's misconduct. Furthermore, upon learning the details from Plaintiff and the identity of supporting witnesses and surveillance video recordings, Lt. CAMACHO made no attempt to contact witnesses, seek the video recordings and refused to release Plaintiff from custody, all in furtherance of the growing conspiracy to cover up MCGEE's unlawful misconduct. Upon his release, plaintiff received a citation written by McGee to appear in Compton Court in January 20, 2021 to answer McGEE's false accusation of a violation of Penal Code §148(resisting arrest).

9.      Having not been contacted by LASD concerning the complaint made to Lt. CAMACHO, on September 28, 2020, Plaintiff reiterated his complaints in writing to Defendant Captain DAVID SPRENGER. Once again, consistent with LASD policy, custom and practice, Defendant SPRENGER refused to initiate Bottros' complaint investigation in violation of  California Penal Code §832.5 and LASD regulations 3-04/010.25.  Instead, defendant SPRENGER joined into the collusive conspiracy to suppress McGEE's misconduct and violations of law and department regulations by willfully refusing to act as required. Plaintiff is informed and believes that upon receipt of his 9/28/20 complaint, SPRENGER disregarded Plaintiffs complaints against MCGEE and Lt. CAMACHO for neglect of duty, as he had previously done in response to notice that Shawn Marshall had attempted to file an in person complaint against Lakewood deputies Ayub Manjra and Michael Perea for planting drugs, falsely arresting Marshal and filing a knowingly false police report

1    and that the Lakewood Watch Commander refused to take the complaint as required.

2

3        10.    On December 10, 2020, Plaintiff again contacted defendant SPRENGER

4    inquiring why no action was being taken on his complaints against deputy MCGEE

5    and Lt. CAMACHO. Sprenger did not respond and did not direct an internal

6    personnel complaint investigation be opened, did not direct a WCSCR file number

7    be assigned and a copy thereof be sent to Plaintiff thereby continuing the cover up

8    of MCGEE's and Lt. CAMACHO's misconduct.

9

10       11. On January 21, 2021, Plaintiff appeared in Compton Court in obedience

11   to Defendant MCGEE's citation to answer his false criminal accusations. At that time

12   Plaintiff was informed that no criminal charge was to be filed against him stemming

13   from this incident.

14

15       12. As of the date of the filing of this action, neither Captain SPRENGER nor

16   Lt. CAMACHO have abided by their requirements to appropriately open and record

17   and investigate BOTTROS personnel complaint within the department thereby

18   continuing to turn a willful blind eye to the violations of law and department

19   regulations for the crimes committed against Plaintiff by defendant MCGEE.

20   Instead, Plaintiff is informed and believes, that the department refused to discipline

21   or otherwise hold McGEE or anyone else accountable in any measure for the wrongs

22   perpetrated against Plaintiff, thereby willfully defeating the purposes of California

23   Penal Code section 832.5 and California's Pitchess personnel complaint discovery

24   scheme and laws. In the end, no record of Plaintiff's reports of misconduct at the

25   hands of defendant MCGEE exists in the personnel records of MCGEE.

26

27   //

28   //

## FIRST CAUSE OF ACTION

**(VIOLATION OF CONSTITUTIONAL RIGHTS - UNREASONABLE SEARCHES & SEIZURES, FALSE IMPRISONMENT, DUE PROCESS DEPRIVATIONS, AND CONSPIRACY - 42 U.S.C. § 1983)**

**(By Plaintiff Against All Individual Defendants)**

13.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 12 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

14.    This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

15.    Commencing at or about the aforementioned date and place, without lawful cause or justification, and while acting under color of law, Defendants DEPUTY MCGEE #617648 individually and as a peace officer DOES 1-3, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendant MCGEE intentionally assaulted Plaintiff without lawful justification or permissible cause, seized and arrested Plaintiff without probable cause for any criminal offense, and together with DOES 1-10, Defendants CAMACHO and SPRENGER and each of them, joined in a meeting of minds to cover up MCGEE's unlawful and unconstitutional searches and seizures, unreasonable force, groundless criminal accusations, violations of California penal law by willfully engaging in a

cover up conspiracy to violate these rights, in the attempt to deceive the Los Angeles District Attorney.

16.     Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize, search, book, and fraudulently convict plaintiff  on false criminal charges manufactured, supported and promoted by defendants.

17.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to their nervous systems, fear, anxiety, torment, degradation and severe emotional distress.

18.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred legal, medical and therapeutic expenses in an amount as proved.

19.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was prevented from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

20.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

21.     The aforementioned acts and omissions of Defendants were committed

by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION
### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
### (By Plaintiffs Against Defendant County)

22.   Plaintiffs refer to and re-plead each and every allegation contained in paragraphs 1 through 21 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

23.   Defendant COUNTY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Sheriffs Department and its tactics, methods, practices, customs and usages related to narcotics investigations, internal investigations, personnel supervision and records maintenance.

24.   At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required

and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their corruption, frauds, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY.

25.     Defendant COUNTY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of criminal dishonesty and crimes of violence, each ratified and approved by COUNTY and LASD.

26.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant COUNTY and LASD include, but are not limited to:

(1)     Defendant COUNTY had knowledge, prior to and since this incident, of repeated allegations of abuse and dishonesty misconduct toward detainees and arrestees; Specifically, COUNTY and LASD knew Defendants MCGEE, CAMACHO, SPRENGER and DOES 1-10, had in the past committed acts of police abuse, corruption, fraud and dishonesty;

(2)     Defendant County and LASD had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3)     Defendant COUNTY refused to adequately, or at all, discipline individual officers and employees known to have committed similar acts of abuse and misconduct;

(4)     Defendant COUNTY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by its peace officers;

(5)     Defendant COUNTY and LASD reprimanded, threatened, intimidated, demoted and fired officers who broke from the code of silence and courageously reported acts of abuse and dishonesty by other officers;

(6)     Defendant COUNTY covered up acts of misconduct, dishonesty and abuse by Los Angeles Sheriff Department employees and openly sanctioned a code of silence by and among officers;

(7)     Defendant COUNTY rewarded officers who displayed aggressive and abusive behavior;

(8)     Defendant COUNTY and LASD failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force and regulations related to illegal, immoral and criminal misconduct;

(9)     Defendant COUNTY and LASD failed to adequately supervise the actions of officers under their control and guidance;

(10)   Defendant COUNTY and LASD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the COUNTY, LASD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(11)   Defendant COUNTY and LASD condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12)   Defendant COUNTY and LASD engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, exculpatory *Brady* evidence unfavorable to its officers in violation of law and the Constitution.

(13)   Defendant COUNTY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by September 21, 2020 and  thereafter, represented the unconstitutional policies, practices and customs of the COUNTY.

27.   By reason of the aforesaid policies, customs, practices and usages, plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

## THIRD CAUSE OF ACTION
### (FAILURE TO TRAIN AND SUPERVISE)
**(By Plaintiff Against Defendants CAMACHO, SPRENGER, DOES 1-10 in their individual capacities)**

28.   Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 27 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

29.   Defendants CAMACHO, SPRENGER, DOES 1-10 are sued in their individual capacities. Said defendants knew or reasonably should have known of their subordinates ongoing constitutional violations set forth above in the administration of the Field Services Division, Lakewood Station patrol deputies, including defendant MCGEE.  Specifically, defendants knew or should have known of repeated failures to properly investigate and discipline or prosecute deputies engaged in dishonest,

immoral and criminal behavior which violated the constitutional rights of members of the public, including Plaintiffs herein. Said failures to act to prevent constitutional misconduct by subordinates acquiesed, condoned and ratified the customs, practices and usages by subordinates.

30.    Said Defendants, and each of them, are sued for their own culpable actions and omissions in the training, supervision and control of subordinates including watch commanders and first level supervision at Lakewood and Bellflower stations which actions demonstrated a reckless and callous indifference to the rights of persons such as plaintiff. Said defendants' actions, inactions and deliberate indifference  set into motion the ultimate harm caused to plaintiff.

31.    Plaintiff is informed and believes and thereon alleges that prior to the incident complained of herein, since at least 1992 DOES 1-10 and others charged with the administration of the Field Services Division  knew or reasonably should have known that employees of the Los Angeles County Sheriffs Department committed similar acts of unjustified violence, dereliction of duty, fraud, dishonesty and deliberate indifference to employee dishonesty and other serious forms of misconduct.

32.    Plaintiff is informed and believes and thereon alleges that prior to the incident complained of herein in September 21,2020, and as early as 1992, DOES 1-10  and others charged with the administration of the Field Services Division failed to take corrective action to prevent the future deputy wrongdoing and dishonest misconduct which are the proximate cause of Plaintiffs damages.

33.    As the result of the supervisory, management and executive  Defendants DOES 1-10's actions and omissions, amounted to the institutional repudiation of

constitutional protections which became the moving force behind the damages done to Plaintiffs.

## FOURTH CAUSE OF ACTION

## ASSAULT AND BATTERY

### (By Plaintiff Against Defendants COUNTY, MCGEE,  DOES 1-3)

34.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 33  of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

35.    On or about December 8, 2020 Plaintiff timely filed a Claim with Defendant COUNTY pursuant to California Government Code §910. Said claim was rejected without investigation January 27, 2021.

36.    At the aforementioned date, time and place, to wit September 21, 2020 , Defendants MCGEE, DOES 1-3 and each of them, assaulted and battered Plaintiff.

37.    By reason of the acts aforesaid, Plaintiff was placed in great fear for his personal safety and physical and emotional well being.

38.    As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant COUNTY).

//
//
//

**FIFTH CAUSE OF ACTION**

**(FALSE ARREST)**

**(By Plaintiff Against Defendants COUNTY, MCGEE, DOES 1-3)**

39.  Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 33 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

40.  On or about September 21, 2020 at Los Angeles County California, Plaintiff was caused to be unlawfully seized and arrested by Defendants, and each of them, maliciously and without warrant or order of commitment or any other legal authority of any kind as plaintiff had not committed any crime or public offense but rather had been the victim of a violent, malicious criminal assault and battery by defendant MCGEE, DOES 1-3.

41.  As a proximate result of the acts of defendants, and all of them, Plaintiff has suffered damages, loss and harm.

42.  As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant COUNTY).

**SIXTH CAUSE OF ACTION**

**TORTS IN ESSENCE**

**(By Plaintiff Against All Defendants)**

43.  Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 42  of this complaint, and by this reference incorporates the

same herein and makes each a part hereof.

44.     Defendants and each of them, owed to Plaintiff non-consensual duties imposed by California Penal Code Sections 118.1 (false police report by peace officer), 148.5 (false report of a crime to law enforcement), 134 (preparing false evidence), 132 (offering false evidence), 127 (subornation of perjury), 137 (induce false testimony), 147 (willful oppression and inhumanity to a prisoner), 149 (criminal assault and battery by a peace officer); 182(1) (conspiracy to commit crime), 182(2) (conspiracy to obstruct justice), 270 (kidnaping), 832.5, (citizen complaint investigations required) and 4024 (prompt release from custody).

45.     Defendants, and each of them, failed to abide by the aforesaid non-consensual duties in that Defendants, and each of them, willfully and intentionally violated the aforesaid statutes.

46.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant COUNTY).

## SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiff Against All Defendants)

47.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 46 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

48.     On or about September 21, 2020  and thereafter, Plaintiff was entitled to the duty of due care by Defendants, and each of them,  including but not limited to, the care, service and protection by Defendants.

49.     On or about said date, and thereafter, Defendants and each of them, unlawfully, intentionally and maliciously caused Plaintiff to be assaulted, battered, kidnaped, jailed, booked and subjected to a criminal conspiracy among themselves to shield themselves, LASD and the COUNTY from defendants wrongful misconduct thereby causing plaintiff extreme emotional distress.

50.     In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing Plaintiff to suffer emotional suffering and mental distress, the indignity of an arrest, booking, fear, anxiety, and mental anguish.

51.     As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages (except as to Defendant COUNTY).

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT
### (By Plaintiff Against All Defendants)

52.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 51 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

53.     On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California by threats, intimidation or coersion thereby violating California Civil Code Section 52.1(a)(b).

54.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 51.7, 52 and 52.1.

## NINTH CAUSE OF ACTION
## NEGLIGENCE
### (Against all defendants)

55.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 54 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

56.     On or about the above stated dates and incidents, and prior thereto, Defendants and each of them owed plaintiff a duty of due care not to cause Plaintiff foreseeable harms.

57.     Beginning on September 21, 2020, Defendants, and each of them, breached the duty of due care owed to plaintiff in that defendants negligently subjected plaintiff  to mental and physical injury though defendants and each of them knew, or in the exercise of reasonable care should have known, would casue plaintiff damages, harm and suffering.

58.     By breaching their duties owed to Plaintiff, defendants proximately caused Plaintiff harms, damages, suffering and losses.

59.     In doing the aforementioned acts or omissions, defendants' conduct was negligent, and caused plaintiff to suffer pain, mental distress, fear, anxiety, and mental anguish.

60.     As a direct and proximate result of the foregoing, plaintiff is entitled to and demands damages against defendants jointly and severally, as recited in the Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, including, but not limited to general damages in accordance with proof.

## PRAYER

WHEREFORE, Plaintiff  prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.     For attorney's fees pursuant to 42 U.S.C § 1988  and California Civil Code §§52, and 52.1;

5.     For Costs of suit;

6.     For such other and further relief as the Court may deem proper.

DATED:     June 25, 2021          **CASSELMAN LAW OFFICES**

By:     /s/ *Gary S. Casselman*
        Gary S. Casselman
        Attorneys for Plaintiff

## **PLAINTIFF'S JURY DEMAND**

Plaintiff  hereby demands trial by jury.

DATED:       June 25, 2021                    **CASSELMAN LAW OFFICES**

By:   /s/ *Gary S. Casselman*
Gary S. Casselman
Attorneys for Plaintiff